## (September 20, 1974)

■ In the Matter of SHARON LIPPES, Respondent, v. ROBERT W. GRIMM, as County Clerk of Erie County, Appellant.— Judgment unanimously affirmed, without costs (see *Matter of Enders* v. *Rossi*, 34 N Y 2d 966, affg. on opn. here at 45 A D 2d 447). (Appeal from judgment of Erie Special Term in article 78 proceeding to determine term of office.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.

## (September 26, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GIDNEY, Appellant.— Judgment insofar as it imposes sentence unanimously modified, as a matter of discretion, in the interest of justice, to reduce the sentence to a maximum term of five years, and otherwise judgment affirmed. Memorandum: On May 18, 1971, defendant was indicted by an Erie County Grand Jury charging him with manslaughter in the first degree in connection with the broomstick beating of Leroy Perry, which resulted in his death. He was arraigned on the same date and entered a plea of not guilty. On October 6, 1971, he withdrew his plea of not guilty and entered a plea of guilty to the reduced charge of assault in the first degree. He was sentenced on November 9, 1971 to five years' probation. On August 16, 1973 and on September 17, 1973, defendant was charged with two counts of violating his probation. On one count, he was accused of failing to report to his probation officer and on the other with being convicted of petit larceny and criminal trespass in Niagara Falls. He entered pleas of guilty to both charges and was thereupon sentenced to a maximum term of 10 years' imprisonment. It appears that defendant was a Viet Nam war veteran and was honorably discharged from the United States Army on January 16, 1970. He was wounded in action, received a Purple Heart, an Army Commendation Medal and a Bronze Star. He also received recognition for saving another soldier's life. Unfortunately, he returned home with a narcotics problem. His troubles with the law all postdate his return from service. Considering this, and also considering that the trial court felt that a sentence of five years' probation was sufficient on the initial assault charge, we believe that its sentence of 10 years' imprisonment for probation violation was excessive and should be reduced to imprisonment for five years (*People* v. *Gittelson*, 25 A D 2d 265, affd. 18 N Y 2d 427). (Appeal from judgment of Erie County Court convicting defendant of assault, first degree.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.